**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

ANGELO CELESTINE,

    Plaintiff,

v.

HOME LOANS ASSIST CORPORATION,

    Defendant.

___

**COMPLAINT AND JURY DEMAND**
___

    Plaintiff Angelo Celestine, by and through undersigned counsel, brings this Complaint and Jury Demand against Defendant Home Loans Assist Corporation and states as follows:

**NATURE OF ACTION**

    Plaintiff Angelo Celestine ("Celestine" or "Plaintiff") loyally served as an employee of Defendant Home Loans Assist Corporation ("HLA" or "Defendant") as an Outside Sales Representative. Plaintiff brings this action for damages resulting from Defendant's discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

**PARTIES**

    1.    Plaintiff worked as an employee for Defendant and is a resident of Colorado.

    2.    Defendant is an employer as defined by 42 U.S.C. § 2000e(b).

3. Defendant is a Delaware Corporation with a principal office located at 1499 West 121st Avenue, #320, Westminster, Colorado 80234.

4. Defendant employed more than 15 employees during Plaintiff's employment.

## JURISDICTION AND VENUE

5. Jurisdiction is asserted pursuant to Title VII. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant is a Colorado Corporation that transacts business in the State of Colorado.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as the Defendant conducts business within this District and the acts alleged by Plaintiff occurred in this District.

## ADMINISTRATIVE HISTORY

8. Plaintiff has timely and properly exhausted his administrative remedies by filing an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2018, Charge No. 541-2018-00803, based upon grounds of race discrimination, hostile work environment, and retaliation pursuant to Title VII.

9. This lawsuit is timely filed within 90 days after Plaintiff's receipt of a Notice of Right to Sue from the EEOC dated April 23, 2021.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

11. HLA hired Celestine in or about April 2016 to work as an Outside Sales Representative.

12. Celestine received a base salary and had the ability to earn commissions.

13. Celestine performed his job duties satisfactorily during his tenure with HLA.

14. In August 2017, Celestine began to experience racial discrimination and harassment, including racists comments and unequal terms and conditions of his employment.

15. Celestine is a Black/African American male.

16. During Celestine's employment with HLA, HLA failed to offer its employees training on racial sensitivity.

17. Celestine endured ongoing comments equating him with being a monkey, as well as having a coworker refer to him as a "n*gga."

18. Celestine reported these experiences to HLA.

19. After reporting these comments, Celestine began to experience retaliation.

20. HLA informed Celestine that he needed to obtain 150 "rains" per month before he would be provided a scheduler.

21. Other employees who were not Black/African American were automatically provided schedulers without needing to satisfy a "rain" requirement.

22. Due to the ongoing discrimination and harassment, Celestine met with an EEOC investigator on April 5, 2018.

23. HLA terminated Celestine on May 1, 2018 in retaliation for engaging in protected activity.

**FIRST CAUSE OF ACTION**
**Discrimination in Violation of Title VII**
**42 U.S.C. § 2000e-2(a)**

24. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

25. HLA is an employer as defined by Sec. 2000e(b).

26. Plaintiff is a member of a protected class of individuals based on race as defined by Sec. 2000e-2(a).

27. Plaintiff was an employee as defined by Sec. 2000e(f) and at all times was qualified to perform the functions of her job.

28. HLA willfully and intentionally subjected Plaintiff to discrimination by allowing him to be subjected to ongoing racially discriminatory comments and by forcing him to work under unequal terms and conditions from those not of Celestine's race.

29. HLA's actions resulted in Plaintiff's termination.

30. HLA knew its actions violated Title VII or acted recklessly indifferent in that regard.

31. As a direct and proximate result of the foregoing actions and conduct of the HLA, Celestine has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Celestine also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Celestine claims damages for these losses and injuries under 42 U.S.C. §1981a.

**SECOND CAUSE OF ACTION**
**Hostile Work Environment – Harassment in Violation of Title VII**
**(42 U.S.C. § 2000e-2(a))**

32. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

33. HLA subjected Celestine to harassing treatment because of his race, including the racially harassing comments described herein.

34. The comments and treatment Celestine experienced were unwelcome.

35. The treatment was sufficiently severe and pervasive to alter the conditions of Celestine's employment and created an environment abusive and hostile to his race.

36. Celestine found the working environment to be hostile.

37. A reasonable person in Celestine's circumstances would find the environment in which Celestine worked to be hostile.

38. Celestine reported the harassing treatment to HLA, yet HLA failed to act.

39. As a direct and proximate result of the foregoing actions and conduct of HLA, Celestine has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Celestine also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Celestine claims damages for these losses and injuries under 42 U.S.C. §1981a.

### THIRD CAUSE OF ACTION
### Retaliation in Violation of Title VII
### 42 U.S.C. § 2000e-3(a)

40. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

41. Plaintiff engaged in protected activity by reporting the discrimination and harassment that he experienced in the workplace.

42. HLA altered the terms and conditions of Plaintiff's employment after he reported the treatment he experienced.

43. HLA's conduct in altering the terms and conditions of Plaintiff's employment is in violation of Sec. 2000e-3(a).

44. HLA treated Celestine differently from employees who did not report allegations of discrimination harassment.

45. HLA then terminated Celestine's employment after he engaged in protected activity.

46. The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

47. These statutory violations were intentional.

48. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's statutorily protected rights.

49. As a direct and proximate result of the foregoing actions and conduct of the HLA, Celestine has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Celestine also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Celestine claims damages for these losses and injuries under 42 U.S.C. §1981a.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Angelo Celestine prays for judgment against Defendant Home Loans Assist Corporation in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, attorney's fees, and for such other and further relief as provided by statute and that the Court may deem proper.

Dated: July 22, 2021.

                                                Respectfully submitted,

                                                */s/Andrew C. Quisenberry*
                                                Andrew C. Quisenberry, Esq.
                                                BACHUS & SCHANKER, LLC
                                                101 West Colfax Avenue, Suite 650
                                                Denver, CO 80202
                                                Telephone: 303.893.9800
                                                Facsimile: 303.893.9900
                                                Andrew.Quisenberry@coloradolaw.net

                                                *Attorney for Plaintiff*